

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 21 2005

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| **ROBERT EARL TUCKER,** * | |
| * | |
| **Plaintiff** * | |
| * | |
| v. * | Case No. 2:05CV00130 JLH/JFF |
| * | |
| **LARRY NORRIS, et al.,** * | |
| * | |
| **Defendants** * | |

## RECOMMENDED DISPOSITION

Plaintiff, a prisoner at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se* Complaint (docket entry #2), pursuant to 42 U.S.C. § 1983. After carefully reviewing Plaintiff's allegations in accordance with the requirements of 28 U.S.C. § 1915A, the undersigned recommends that this case be dismissed with prejudice on the ground that the Complaint fails to state a claim for relief, and that the Motion to Proceed *In Forma Pauperis* (docket entry #1) be denied as moot.

### I. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v.*

*Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Plaintiff's Allegations

Plaintiff alleges that he has been continually harassed and threatened by prison officers with disciplinary action since his arrival at the East Arkansas Regional Unit for failing to cut his hair and shave his face as required by the ADC grooming policy. Plaintiff practices Rastafarian religion, and states that his religious beliefs forbid him from cutting the hair on his face or head. In November 2004, Lt. Beard escorted Plaintiff to the prison barber, and he refused to cut his hair based upon his religious beliefs. Plaintiff was released back into population rather than taken to isolation because there was no bed space available in isolation.

Plaintiff submitted an informal resolution to M. Allen concerning the grooming policy, and then filed a grievance. Warden Harmon responded to grievance stating that all inmates, regardless of their religious beliefs, are required to follow and abide by the ADC grooming policy. Plaintiff appealed to Deputy Director Hobbs, who found that the grievance was handled appropriately by Warden Harmon.

Plaintiff filed a second informal resolution that was forwarded to Chaplain Wilson by Sergeant Webber. After speaking with Warden Harmon, Chaplain Wilson responded that the grooming policy would be enforced. Plaintiff then gave a grievance to Lt. Beard after receiving the Chaplain's response. Plaintiff told Beard that he would not cut his hair based upon his

2

religious beliefs. Beard signed and dated the grievance and instructed the Sergeant to escort Plaintiff to his cell to pack his property and to then take him to isolation. Plaintiff was written a major disciplinary for failing to comply with Beard's orders concerning the grooming policy. Plaintiff was found guilty on the disciplinary by Juanita Mathis, and he was reduced from Class 1 to Class 3 status.

Plaintiff has asserted his claims against Larry Norris, Director; Ray Hobbs, Deputy Director; Don Yancy, Administrator of Religious Services; Dennis Wilson, Senior Chaplain; Greg Harmon, Warden; Juanita Mathis, Hearing Officer; Lynette Beard, Lieutenant; and M. Allen, Sergeant each in their official capacity. He seeks an injunction to prevent the enforcement of the grooming policy based upon his religious beliefs.[1] Plaintiff's claims are analyzed under the First Amendment's guarantee of free exercise of religion.[2]

### III. Analysis of the First Amendment Claim

The Eighth Circuit has repeatedly rejected First Amendment challenges to prison regulations that prohibit inmates from wearing long hair. *See Hamilton v. Schriro*, 74 F.3d 1545 (8th Cir. 1996), *cert. denied*, 519 U.S. 874 (1996) (holding that enforcement of inmate hair length regulations does not violate the First Amendment); *Campbell v. Purkett*, 957 F.2d 535 (8th Cir.1992) (upholding dismissal of inmate's claim that a prison grooming policy prohibiting long

---

[1] Plaintiff states that he is suing the "Defendants in their official capacity for all attorney fees, filing fees and nay other relief the Court deems appropriate." It is settled that a party cannot maintain an action for damages against a state actor in their official capacity. The Supreme Court has stated that a claim maintained against a state actor in their official capacity is not one asserted against a "person" for purposes of 42 U.S.C. Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Moreover, such a claim is effectively a claim against the state itself and is barred by the sovereign immunity afforded to the states in federal court. *Alabama v. Pugh*, 438 U.S. 781 (1978) and *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[2] The Court notes that Plaintiff's claim that prison officials harassed him and threatened him with disciplinary action, standing alone, is not actionable under § 1983. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993).

hair violated his right to freely exercise his Nazarite religion); *Dunavant v. Moore*, 907 F.2d 77 (8th Cir.1990) (holding that prison grooming policy prohibiting beards longer than two inches was based on legitimate and neutral penological security objectives and, therefore, did not violate the First Amendment); *Iron Eyes v. Henry*, 907 F.2d 810 (8th Cir.1990) (holding that preventing prisoners from concealing contraband and facilitating prisoner identification constitute valid penological interests justifying prison hair-length regulation even though contraband had never been found in an inmate's hair); *Bettis v. Delo*, 14 F.3d (8th Cir. 1994) (regulation requiring Native American to cut his hair did not infringe upon First Amendment); *Sours v. Long*, 978 F.2d 1086 (8th Cir. 1992) (requiring inmate to cut his hair did not violate First Amendment although it prevented him from observing Vows of the Nazarite). The Eighth Circuit has continually held that prison officials have adequately advanced valid penological reasons for enacting a grooming policy, and Tucker's Complaint does not allege any facts that would distinguish this case from the line of cases upholding hair-length restrictions.[3]

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint (docket entry #2) be DISMISSED WITH PREJUDICE for failure to state a claim for relief, and that the Motion to Proceed *In Forma Pauperis* (docket entry #1) be denied as moot.

2. Dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).[4]

---

[3] This district has considered similar allegations and has previously found that the ADC grooming policy does not infringe upon the First Amendment right to free expression or religion. *Kellensworth v. Norris*, 5:98CV157 SWW.

[4] Under § 1915(g), a prisoner may not proceed with a civil suit *in forma pauperis* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the Order adopting this recommendation, and a Judgment entered thereunder, would not be taken in good faith.

DATED this 21st day of June, 2005.

_____
UNITED STATES MAGISTRATE JUDGE



# United States District Court

EASTERN DISTRICT OF ARKANSAS
U.S. COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 553
LITTLE ROCK, ARKANSAS 72201-3325

JOHN F. FORSTER, JR.
UNITED STATES
MAGISTRATE JUDGE

(501) 604-5190
FAX (501) 604-5378

June 21, 2005

Mr. Robert Earl Tucker
ADC #87440
East Arkansas Regional Unit
P.O. Box 180
Brickeys, AR 72320

RE: <u>Tucker v. Norris</u>
Case No. 2:05CV00130JLH/JFF

Dear Mr. Tucker:

Attached is the recommended disposition of this case, which has been prepared by this office and submitted to United States District Judge J. Leon Holmes.

Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. An original and one copy of your objections must be received by the United States District Court Clerk no later than eleven (11) days from the date of this letter. The copy will be furnished to the opposing party. Failure to file timely objections may result in wavier of the rights to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

Tucker
Page Two

---

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol, Suite 402
>   Little Rock, AR    72201

Sincerely,

John F. Forster, Jr.
United States
Magistrate Judge

JFF:jjm
Enclosure

cc: The Honorable J. Leon Holmes
    File